**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT SEAN MORPHETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1110-CR-565 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1010-FC-1199

**June 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Robert Sean Morphett appeals his sentence following his conviction for battery, as a Class C felony. Morphett raises two issues for our review, namely:

1. Whether the trial court abused its discretion when it ordered him to serve four years in the Department of Correction.

2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 30, 2010, nineteen-year-old C.L.'s car was burglarized. Afterwards, C.L. went to the home of her mother, D.L. D.L. was home with her then-boyfriend, Morphett. Morphett insulted C.L. and then went to a bar with D.L.

Upon returning from the bar, D.L. convinced Morphett to apologize to C.L. But C.L. did not want to speak to Morphett and instead tried to leave. Morphett then called C.L. a "little bitch," transcript at 60, and punched her in the face with his closed fist, which knocked her unconscious.

When C.L. awoke a few minutes later, she saw Morphett on top of D.L., beating her. C.L. tried to intervene, and Morphett threw her to the ground and then repeatedly slammed her head into a doorframe. Morphett then fled from the residence. The doctor who eventually treated C.L. noted that she had suffered a deep laceration from "a significant amount of trauma" based on "a great deal of force." Id. at 31-33. C.L. received two layers of stitches.

On October 12, 2010, the State charged Morphett with multiple counts of battery. On August 15, 2011, a jury found Morphett guilty on two of those charges, the lesser of which the trial court vacated on double jeopardy grounds. The court then entered a judgment of conviction against Morphett for battery, as a Class C felony.

On September 19, the court held Morphett's sentencing hearing, at the conclusion of which the court stated as follows:

> The Court notes as an aggravating circumstance . . . that he doesn't have any felony convictions but he does have numerous misdemeanor convictions . . . . The Court notes as a mitigating circumstance . . . that you have been . . . remorseful for the actions that occurred and for your behavior on that day . . . . I do believe the aggravators and the mitigators balance out and . . . that the appropriate sentence is four years . . . to be served executed at the Department of Correction[].

Id. at 439-40. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

Morphett first argues that the trial court abused its discretion when it sentenced him because it did not address each of his proposed mitigators. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) ("Anglemyer I"), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007) ("Anglemyer II"). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing

3

statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91. Further, an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. Anglemyer II, 875 N.E.2d at 220-21.

Here, Morphett argues that the trial court abused its discretion because it did not expressly consider each of his proffered mitigators. But to establish an abuse of discretion on this issue, Morphett must show that the proffered mitigators were "significant." Id. He makes no argument that they were, and we will not make that argument for him. See Ind. Appellate Rule 46(A)(8)(a). Thus, we cannot say that the trial court abused its discretion when it sentenced Morphett.

### Issue Two:  Appellate Rule 7(B)

Morphett also contends that his four-year sentence, the advisory term for a Class C felony, is inappropriate. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate

4

Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Moreover, "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

We cannot say that Morphett's four-year sentence is inappropriate. Regarding the nature of the offense, Morphett brutally attacked a young woman and her mother, causing C.L. serious bodily injury. And regarding his character, although Morphett later expressed remorse for his conduct he also has a lenthgy criminal history, including eight prior misdemeanor convictions, at least three of which were originally charged as

5

felonies.  Morphett is only thirty-one years old and his repeated encounters with the criminal justice system speaks poorly for his character.  We cannot say that the advisory sentence is sentence is inappropriate.

Affirmed.

RILEY, J., and DARDEN, J., concur.